1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    CARL ALEXANDER WESCOTT,                    Case No.  18-cv-07407-DMR
                    Plaintiff,
8
9          v.                                   REQUEST FOR REASSIGNMENT TO
                                                DISTRICT JUDGE AND REPORT AND
10   MONETTE STEPHENS, et al.,                  RECOMMENDATION TO DISMISS
                                                COMPLAINT WITHOUT LEAVE TO
                    Defendants.                 AMEND
11

12         On December 7, 2018, pro se Plaintiff Carl Wescott filed a complaint against Defendants

13   Monett Stephens, Law Office of Terry A. Szucsko, Inc., Terry Szucsko, and Lvovich and Szucsko,

14   P.C.  [Docket No. 1 (Compl.)]  He brings two claims against all defendants for violations of 42

15   U.S.C. § 1983, as well as a state law claim against Stephens for breach of contract.  Plaintiff also

16   filed an application for leave to proceed *in forma pauperis* ("IFP").  [Docket No. 3.]

17         Not all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C.

18   § 636(c).  Therefore, the court issues this Report and Recommendation and reassigns the case to a

19   district judge for final disposition, with the recommendation that the complaint be dismissed without

20   leave to amend.

21   I.    BACKGROUND

22         Plaintiff lives in San Francisco, CA.  Compl. ¶ 1.  He married Stephens on January 14, 2005.

23   *Id.* ¶ 9.  The two of them had three sons together.  *Id.* ¶ 10.  Plaintiff alleges that he and Stephens

24   encountered financial problems in 2008, and as a result, their financial situation deteriorated.  *Id.* ¶

25   13.  In 2012, Plaintiff and Stephens filed a joint bankruptcy petition.  *Id.* ¶ 23.  Plaintiff was denied

26   a discharge in 2013, although he later obtained a discharge in a subsequent filing.  *Id.* ¶ 24.  Stephens

27   was granted a discharge in 2014, allegedly because the bankruptcy court "accepted that [Plaintiff]

28   was loud, domineering and intimidating and that this caused Stephens to lose her ability to

United States District Court
Northern District of California

1    understand the meaning of her actions." *Id.* ¶ 30.  Plaintiff was not present at that hearing and

2    therefore did not rebut those allegations.  *Id.* ¶ 29.

3            On January 30, 2014, Stephens allegedly attacked Plaintiff with a knife and Plaintiff "exerted

4    reasonable force in his self-defense."  Compl. ¶ 31.  Stephens "begged" Plaintiff to not call the

5    police that night, and so he did not.  *Id.* ¶ 31.  After the events of January 30, 2014, the parties agreed

6    that they "needed time off from each other, but would still do certain things together with their

7    children."  *Id.* ¶ 33.

8            On February 14, 2014, Plaintiff attempted to attend a birthday party for one of his sons but

9    found that the locks to one of the parties' three houses had been changed.  Compl. ¶¶ 34-35, 41.  He

10   was served outside the house with papers for a Domestic Violence Restraining Order ("DVRO")

11   and a Temporary Restraining Order ("TRO").  *Id.* ¶ 35.  The DVRO arose out of the confrontation

12   that occurred in January 2014.  *Id.* ¶ 38.  The parties agreed to settle the issue with Plaintiff paying

13   $15,000 per month to Stephens.  *Id.* ¶ 39.  Plaintiff's financial situation worsened and he became

14   homeless.  *Id.* ¶ 41.

15           Subsequently, Stephens filed two more DVROs against Plaintiff.  Compl. ¶ 42.  Her attorney,

16   Szucsko, represented her in those actions.  *Id.*  Plaintiff states that the two subsequent DVROs used

17   "the same recycled allegations from January 2014," but later admits that both DVROs also alleged

18   new abuse, including Plaintiff's breach of the second TRO by attending a Christmas performance

19   by his sons and Plaintiff using "inappropriate language" on a Skype call with the children.  Compl.

20   ¶¶ 45, 46.  Plaintiff alleges that both subsequent DVROs were obtained through Stephens' trickery

21   and fraud, such as improperly failing to provide Plaintiff notice of the hearing on the second DVRO.

22   *Id.* ¶¶ 45-50.  Superior Court Judge Linda Colfax entered a five-year restraining order against

23   Plaintiff on May 13, 2015, preventing any contact between Plaintiff and his sons.  *Id.* ¶¶ 50-51.

24           In August 2015, Judge Colfax apparently modified the order and indicated that supervised

25   visitation between Plaintiff and the children could continue, and that there would be a path to regular

26   visitation.  Compl. ¶ 55.  However, Szucsko then presented to Judge Colfax the opinion from the

27   bankruptcy court that described Plaintiff as "domineering and emotionally abusive."  *Id.* ¶ 56.  Judge

28   Colfax "reversed herself" and ordered "absolutely no contact with the children."  *Id.*  Plaintiff

United States District Court
Northern District of California

2

describes Judge Colfax's reversal as "sudden, unexplained and manifestly improper." *Id.* ¶ 57. He states that her order denying access to his children was punishment for being a "domineering male." *Id.*

On March 9, 2016, Superior Court Judge Anne-Christine Massullo held a hearing on support obligations, and Stephens allegedly provided perjurious testimony and evidence that Plaintiff made $100,000 per month while she had no income at all. Compl. ¶¶ 62-63. Judge Massullo ordered Plaintiff to pay over $55,000 per month in support obligations. *Id.* ¶ 65.

A trial was held in the parties' family law case on October 11 and 13, 2016. Compl. ¶ 66. Judge Massullo imposed support obligations of $51,000 per month on Plaintiff, despite his objection that he had not had income for years. *Id.* ¶ 67. He alleges that Stephens submitted perjurious testimony and that Szucsko suborned her testimony. *Id.* He further alleges that Judge Massullo improperly adopted the testimony of a court-appointed medical expert, Dr. Boyd, who opined that Plaintiff is a "sociopath," and denied Plaintiff all visitation rights and communication with his sons. *Id.* ¶¶ 59, 75-76. Dr. Boyd also recommended that Plaintiff be prevented from filing any lawsuits in the future. *Id.* ¶ 78.

In November 2016, Plaintiff was designated as a vexatious litigant. Compl. ¶ 58. He contends that the designation is "problematic" and "impermissibly burdened his assertion of fundamental constitutional rights by subjecting him to judicial prescreening of any motion in his family law case." *Id.* ¶ 59. He asserts that Judge Massullo used the prescreening as a pretext to reject every single filing by Plaintiff for years. *Id.* Judge Massullo allegedly rejected most of Plaintiff's filings "without justification or explanation," or cited "incorrect justification." *Id.* ¶ 60.

On January 8, 2018, Plaintiff presented an extensive filing before Judge Massullo that detailed 164 of Stephens' violations of court orders, including 98 denied court-ordered visitations. Compl. ¶ 81. Judge Massullo denied the filing "without comment or explanation." *Id.* ¶ 83. Plaintiff alleges that it was this "entirely arbitrary denial" that made him aware that Judge Massullo and Defendants were in a conspiracy to deprive him of his constitutional rights. *Id.* He describes the conspiracy as an "Extrajudicial Agreement" or "EJA" that is based on "invidious gender stereotyping: a misandrist proclivity to conclusively presume that a male has engaged in spousal

abuse." *Id.* ¶¶ 8, 84.  The EJA allegedly led Judge Massullo to "ignore overwhelming evidence of [Plaintiff's] destitution" and "enforce a five year ban on any contact between [Plaintiff] and his three sons." *Id.* ¶ 84.  Plaintiff also alleges that the EJA resulted in his designation as a vexatious litigant, which "placed procedural impediments on fundamental constitutional rights that are entitled to procedural safeguards." *Id.* ¶¶ 84-86.  Judge Massullo "complet[ed] the desired punishment of the EJA" by rejecting Plaintiff's filings.  *Id.* ¶ 87.

Plaintiff alleges that "Defendants and Judge Massullo functionally agreed to dramatically and systematically deviate from federal law, state law, and from the protections of the United States and California constitutions in adjudicating [Plaintiff's] family law case." Compl. ¶ 89.  He states that such an "agreement" is illegal even without financial corruption.  *Id.*  In support of his theory that Judge Colfax and Judge Massullo conspired with Defendants to deprive him of his constitutional rights, Plaintiff cites various decisions by the judges, including: (1) improperly denying various filings by Plaintiff; (2) considering as evidence the opinion from the bankruptcy court that Plaintiff is "domineering"; (3) ignoring "overwhelming evidence of [Plaintiff's] destitution"; (4) entering a five year restraining order against Plaintiff based on allegedly fictitious "inappropriate comments" on a Skype call with his children; (5) accepting testimony from a court-appointed medical expert that Plaintiff is a sociopath; (6) adopting the recommendations of a "medical quack" who recommended that Plaintiff not be allowed to file future lawsuits; (7) refusing to consider evidence that Stephens systematically violated court orders; and (8) ignoring testimony from a court-appointed visitation supervisor who testified that Plaintiff is "one of the better fathers she had ever seen." *Id.* ¶ 90.

## II.    REVIEW OF COMPLAINT UNDER 28 U.S.C. § 1915

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and recommends that his application to proceed IFP be granted.

Granting Plaintiff's application to proceed IFP, however, does not mean that he may

United States District Court
Northern District of California

United States District Court
Northern District of California

continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

## III.   ANALYSIS

Plaintiff brings three claims for relief. The first two claims allege that Defendants conspired with Judges Massullo and Colfax to obstruct his constitutional rights under the First and Fourteenth Amendments to the United States Constitution, in violation of section 1983. Compl. ¶¶ 91-101. The third claim is for breach of contract against Stephens based on her alleged violations of the parties' stipulated visitation schedule. Compl. ¶¶ 102-106.

### A.   Section 1983 Claims

"A § 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). In general, private parties do not act under color of state law.

*Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  However, a private party may be subject to section 1983 liability when "he is a willful participant in joint action with the State or its agents," even if the state actor is immune from liability, but only where the state actor engaged in culpable conduct.  *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

In *Dennis*, the Supreme Court found that private parties accused of conspiring with a judge were proper defendants to a section 1983 claim even though the judge himself was immune from liability.  449 U.S. at 27-28.  In that case, the plaintiffs alleged that the private party defendants had corruptly conspired with the judge through bribery, resulting in the issuance of an injunction that deprived the plaintiffs of their property.  *Id.* at 26.  The defendant judge asserted judicial immunity and was dismissed from the case.  *Id.*  The trial court then dismissed the private defendants on the basis that there was no state actor remaining in the case.  *Id.*  The Fifth Circuit affirmed since "the remaining defendants, who are all private citizens, did not conspire with any person against whom a valid § 1983 suit can be stated."  *Id.* at 26 (quoting *Sparks v. Duval County Ranch Co.*, 588 F.2d 124, 126 (1979)).  Upon reconsideration *en banc*, the Fifth Circuit reversed the district court's dismissal of the private defendants, finding that "there was no good reason in law, logic, or policy for conferring immunity on private persons who persuaded the immune judge to exercise his jurisdiction corruptly."  *Id.* at 27.  The Supreme Court affirmed, recognizing that section 1983 does not require defendants to be a state officer; "[i]t is enough that he is a willful participant in joint action with the State or its agents."  *Id.* at 27.  *Dennis* accordingly held that a section 1983 claim may proceed against private defendants who conspire with immune state actors.  *Id.* at 29.

*Dennis* is not applicable here.  Plaintiff's allegations regarding Judges Massullo and Colfax relate to actions taken by the judges during the normal course of judicial proceedings.  He does not plead any illegal conduct on their part.  Instead, Plaintiff refers to an "Extrajudicial Agreement," but the only allegations he puts forth to support the existence of such an agreement are various rulings made by the state court judges, such as entering a restraining order against him, denying him visitation rights, and rejecting some of his filings.  *See* Compl. ¶ 90.  There are no plausible allegations suggesting that the judges acted corruptly or in concert with Defendants.  Moreover, conclusory allegations of a conspiracy between a state actor and private individuals are not sufficient

1    to state a claim under section 1983. *Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th

2    Cir. 1989); *see also Lockary v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) ("Allegations of

3    conspiracies must be supported by material facts, not merely conclusory statements."); *Vann v.*

4    *Evans*, No. 08-cv-04756 JW, 2009 WL 667417, at *2 (N.D. Cal. Mar. 13, 2009) (same). Further,

5    "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a

6    co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28.

7        The only facts pleaded against Judges Colfax and Massullo relate to their actions as judicial

8    officers that were adverse to Plaintiff. These facts do not support their participation in the alleged

9    conspiracy. The remaining Defendants are not state actors. Accordingly, Plaintiff has failed to

10    sufficiently allege federal claims over which this court has jurisdiction.

11        Leave to amend should be granted only if "underlying facts provide proper grounds for relief

12    or if the complaint can be saved by amendment." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

13    701 (9th Cir. 1988). Here, Plaintiff provides a detailed list of the conduct supporting the existence

14    of a conspiracy between Defendants and the state court judges, all of which constitute judicial acts

15    that were adverse to Plaintiff. Compl. ¶ 90. None of the conduct suggests corruption by the judges

16    or collusion with Defendants. The sum of the allegations is that the judges erred in their legal

17    rulings. This is insufficient to state a claim against Defendants for the deprivation of constitutional

18    rights under section 1983. Under these circumstances, leave to amend would be futile.

19        The court therefore recommends dismissal of Plaintiff's complaint without leave to amend.

20        **B.    Breach of Contract**

21        As Plaintiff's federal claims are barred as a matter of law, the court lacks subject matter

22    jurisdiction over the breach of contract claim against Stephens.

23    **IV.    CONCLUSION**

24        For the reasons above, the court recommends that Plaintiff's complaint be dismissed without

25    leave to amend. The Clerk is directed to reassign this case to a district judge. Any party may file

26    objections to this report and recommendation with the district judge within 14 days after being

27    served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

28        The court refers Plaintiff to the section "Representing Yourself" on the Court's website,

located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties.  In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco.  In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

      **IT IS SO ORDERED**.

Dated: March 12, 2019



_____
DONNA M. RYU
United States Magistrate Judge